**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

JAIME HERNANDEZ,

      Petitioner,

v.                           ACTION NO. 2:04cv748

ACTING FIELD OFFICE DIRECTOR
FOR DETENTION AND REMOVAL
OPERATIONS,

      Respondent.

<u>FINAL ORDER</u>

    This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2241. The petition challenges the lawfulness of the petitioner's custody relating to removal proceedings initiated against him by Immigration and Customs Enforcement (ICE).

    The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72 of the Federal Rules of Civil Procedure, and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The report of the Magistrate Judge was filed on June 15, 2005, recommending dismissal of the petition. By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. On June 24, 2005, the Court received the petitioner's Objectionsto (sic) to Findings and

Recommendations of the United States Magistrate Judge's Report
(Document No. 16).

The Court, having reviewed the record and examined the
objections filed by the petitioner to the Magistrate Judge's Report
and Recommendation, and having made de novo findings with respect
to the portions objected to, does hereby ADOPT AND APPROVE, in
part, and MODIFY, in part, the Report and Recommendation of the
Magistrate Judge, filed on June 15, 2005.  Therefore, it is ORDERED
that, to the extent the petition is based on Ground (c) and Grounds
(a), (d), (e), and (f), the petition be DENIED AND DISMISSED
WITHOUT PREJUDICE and that judgment be entered in favor of the
respondent.  It is further ORDERED that, to the extent that the
petition is based on Ground (b), the petition be DENIED AND
DISMISSED WITH PREJUDICE and that judgment be entered in favor of
the respondent.

To the extent that the petition is based on Ground (c), the
Court adopts and approves the Magistrate Judge's recommendation in
full and the petition is DENIED AND DISMISSED WITHOUT PREJUDICE as
claims concerning conditions of confinement are not properly the
subject of a habeas corpus petition.  To the extent that the
petition is based on Grounds (a), (d), (e), and (f), the Court
adopts and approves the Magistrate Judge's recommendation for the
disposition of the petition on these grounds, but MODIFIES the
Report and Recommendation's statutory basis for recommending this

2

disposition as set forth below.

Petitioner does not seek habeas corpus review of an order of removal that has issued against him, and the record does not contain evidence that an order of removal has issued against petitioner.  The Magistrate Judge recommended dismissal of grounds (a), (d), (e), and (f) because 8 U.S.C. § 1252(a)(5) was amended by the REAL ID Act of 2005 to divest the district courts of jurisdiction under 28 U.S.C. § 2241 to review orders of removal and to vest that jurisdiction exclusively in the courts of appeals.  See REAL ID Act of 2005, Pub. L. No. 109-13, § 106(a)(1)(B), 119 Stat. 231, 310 (codified as amended at 8 U.S.C. § 1252(a)(5) (2005)).  There is no order of removal in this case.  Rather, petitioner seeks habeas corpus review of the legality of the removal proceedings initiated against him, not of any removal order.  A separate subsection of § 1252 precludes review under 28 U.S.C. § 2241 of questions of law and fact arising out of removal proceedings, "including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceedings brought to remove an alien from the United States," unless those questions are reviewed in conjunction with review of a final order of removal.  8 U.S.C. § 1252 (b)(9) (2005).  Since grounds (a), (d), (e), and (f) challenge the legality of the removal proceedings initiated against petitioner, these grounds are not yet reviewable absent a final order of removal, and then only by a court of

appeals.   Accordingly,   these   grounds   are   DENIED   AND   DISMISSED
WITHOUT PREJUDICE pursuant to 8 U.S.C. § 1252(a)(5) and (b)(9).  If
a final order of removal is issued against petitioner, he may seek
review of these grounds, in conjunction with review of the final
order of removal, in the appropriate court of appeals.

To the extent that the petition is based on Ground (b), the
Court adopts and approves the Magistrate Judge's recommendation
that the petition be DENIED but MODIFIES the recommendation to
order that the petition be denied and DISMISSED WITH PREJUDICE
because the Magistrate Judge reached the merits of petitioner's due
process challenge and correctly concluded that the mandatory
detention of deportable criminal aliens during removal proceedings
pursuant to 8 U.S.C. § 1226(c) does not violate the Due Process
Clause of the United States Constitution.

The petitioner may appeal from the judgment entered pursuant
to this Final Order by filing a _written_ notice of appeal with the
Clerk of this Court, United States Courthouse, 600 Granby Street,
Norfolk, Virginia 23510, within sixty (60) days from the date of
entry of such judgment.

The Clerk shall mail a copy of this order to the petitioner
and to counsel of record for respondent.

/s/Rebecca Beach Smith
_____
    UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
September 23, 2005

4